# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| BRUCE EVAN MARTIN,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF IOWA,<br><br>    Respondent. | No. C25-0056-LTS<br><br>**ORDER** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| BRUCE EVAN MARTIN,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF IOWA,<br><br>    Defendant. | No. C25-4019-LTS<br><br>**MEMORANDUM, ORDER AND OPINION** |

    This matter is before me on two cases filed by petitioner/plaintiff Bruce Martin. Martin is committed to the Civil Commitment Unit for Sexual Offenders (CCUSO) located in Cherokee, Iowa.[1] In C25-0056-LTS, Martin filed a pro se application (C25-

---

[1] CCUSO is not a prison. Instead, it "provides a secure, long-term, and highly-structured setting to treat sexually violent predators (SVP) who have served their prison terms, but who, in a separate civil trial, have been found likely to commit further violent sexual offenses." *Civil Commitment Unit for Sexual Offenders*, Iowa Department of Health and Human Services, https://hhs.iowa.gov/programs/mental-health/inpatient-facilities/ccuso (March 16, 2025).

0056-LTS, Doc. 1-1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a pro se motion (C25-0056-LTS, Doc. 1) for leave to proceed in forma pauperis. In C25-4019-LTS, Martin filed a pro se 42 U.S.C. § 1983 complaint (C25-4019-LTS, Doc. 1-1) and a motion (C25-4019-LTS, Doc. 1) to proceed in forma pauperis. In the latter case, Martin filed numerous supplements (C25-4019-LTS, Docs. 5-7, 10-13) to his complaint, correspondence (C25-4019-LTS, Docs. 2-4, 9), a pro se motion (C25-4019-LTS, Doc. 8) for subpoenas and pro se motions (C25-4019-LTS, Docs. 14-19) for summary judgment.

## I. C25-0056-LTS

An application for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts may be filed in either the district court where the petitioner is confined or the district court where the conviction occurred. 28 U.S.C. § 2241(d). In furtherance of justice, the district court in which the application is filed may transfer the application to the other district court. *Id.* Federal courts in Iowa have chosen to hear applications attacking a state conviction or sentence in the district in which the conviction occurred. Martin is civilly committed pursuant to a judgment of the Iowa District Court for Scott County, following a criminal conviction in the same court. *See State v. Martin*, 07821 FECR 262642 (Scott Cnty., Iowa 2004); *Martin v. State*, 886 N.W.2d 107 (Iowa Ct. App. 2016) (unpublished).[2] Martin's petition asserts he is challenging that conviction. C25-0056-LTS, Doc. 1-1, at 2.

---

[2] In 2004, Martin pleaded guilty to one count of second-degree sexual abuse and one count of lascivious acts with a child. *State v. Martin*, 07821 FECR 262642 (Scott Cnty., Iowa June 10, 2004). Martin was sentenced to 25 years in prison, and after he completed his criminal sentence he was civilly committed as a sexually violent predator at CCUSO. *Martin v. Garcia*, 22-CV-0035-RGE (S.D. Iowa May 18, 2022), Doc. 9 (summarizing the procedural history).

2

Because Scott County is in the Southern District of Iowa, this case is hereby transferred to the United States District Court for the Southern District of Iowa.[3] The Clerk's office is directed to send the entire file to the Southern District at Des Moines, Iowa, and retain a copy of the file. I express no opinion on the merits of the petition, or whether Martin is entitled to proceed in forma pauperis in this case.

## II. C25-4019-LTS

In his § 1983 complaint, Martin alleges that he was falsely accused of a sex crime and that he was coerced into making statements to police—similar arguments to those Martin advanced in his § 2254 petitions.

### A. *Motion to Proceed In Forma Pauperis*

Martin did not pay the filing fee but filed a motion (C25-4019-LTS, Doc. 1) to proceed in forma pauperis.[4] The doctrine of in forma pauperis allows an indigent plaintiff to proceed without incurring filing fees or other court costs. 28 U.S.C. § 1915(a)(1).[5] Thus, plaintiffs who apply for and receive in forma pauperis (IFP) status may file their cases for free. However, under the Prison Litigation Reform Act (PLRA), prisoners

---

[3] I transferred a prior application for a writ of habeas corpus that Martin filed in 2021 to the Southern District. *See* C21-4013-LTS, Doc. 3. The Southern District ultimately denied that petition. *See Martin v. Garcia*, No. 4:21-CV-0093-RGE (S.D. Iowa Aug. 19, 2021), Docs. 25, 35. In addition, the Southern District has denied Martin's other § 2254 petitions. *See, e.g., Martin v. Mapes*, No. 4:10-CV-150-JAJ (S.D. Iowa April 2, 2010), Doc. 28 (denying petition challenging his 2004 criminal conviction); *Martin v. Garcia*, 22-CV-0035-RGE (S.D. Iowa May 18, 2022), Doc. 9 (denying petition challenging his civil commitment).

[4] The filing fee for a 42 U.S.C. § 1983 action is $405, which includes a $350 filing fee set out in 28 U.S.C. § 1914(a) and an additional $55.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $55 . . . .").

[5] Despite an oft acknowledged typographical error, § 1915(a) applies to both prisoners and non-prisoners. *See Hayes v. United States*, 71 Fed. Cl. 366, 367 (2006) (citing, *e.g., Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997)).

3

must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. *Id*. As noted above, Huston is committed to the CCUSO facility located in Cherokee, Iowa. The Iowa Code specifies that the persons confined at CCUSO are not prisoners, but civilly-committed patients who suffer from a "mental abnormality." Iowa Code Ch. 229A (generally); Iowa Code § 229A.2(11).

Numerous courts have considered the question of whether a patient committed to a state hospital is a prisoner under 28 U.S.C. § 1915. The Eighth Circuit Court of Appeals has held that civilly-committed individuals are not prisoners and, therefore, are not subject to 28 U.S.C. § 1915(a)-(b). *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001). Other courts have reached the same conclusion. *See Michau v. Charleston County, S.C.*, 434 F.3d 725 (4th Cir. 2006), *cert. denied*, 548 U.S. 910 (2006):

> However, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. … *see also Kansas v. Hendricks*, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme). Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner]. *See … Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

*id*. at 727-28 (some internal citations omitted.); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) ("We agree with *Page, Kolocotronis*, and the other opinions that have held the PLRA's straightforward definition of "prisoner" to apply only to persons incarcerated as punishment for a criminal conviction."); *Merryfield v. Jordan*, 584 F.3d 923, 927 (10th Cir. 2009) ("Accordingly, we hold that the fee payment provisions of § 1915 applicable to a 'prisoner,' as defined by § 1915(h), do not apply to those civilly

4

committed under the KSVPA."). Thus, the prisoner pay schedule contained in the PLRA is not applicable to cases brought by CCUSO patients. If a civilly-committed plaintiff is entitled to IFP status, that plaintiff may proceed without the payment of fees.

To qualify for IFP status, a non-prisoner plaintiff must provide an affidavit containing: (1) a statement of the nature of the action, (2) a statement that plaintiff is entitled to redress, (3) a statement of the assets plaintiff possesses, and (4) a statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). After considering Martin's motion, I find it substantially complies with the requirements set out above. Thus, his motion to proceed in forma pauperis (C25-4019-LTS, Doc. 1) will be granted.

### B. Initial Review Standard

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, the Court may dismiss an in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b)(1) (requiring the Court to do an initial review of prisoner complaints).

In reviewing a prisoner or in forma pauperis complaint, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim pursuant to § 1915(e)(2), courts generally rely on the standards articulated pursuant to Fed. R. Civ. P. 12(b)(6). *Mitchell*

5

v. *Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to § 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *id.* at 555, or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

### C. Initial Review Analysis

#### 1. § 1983 Standard

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

§ 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (§ 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and

6

laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### 2. *Discussion*

Martin's complaint asserts that on September 11, 2003, while he was incarcerated at Mount Pleasant Correctional Facility, "I got falsely accused of a false sex crime to my Daughter A.M." and "I was coerced" by officers who would not let me have an attorney present and the "[i]nterview was not even recorded at all." Doc. 1-1 at 7. He asserts that "I did false time in prison." *Id*. He does not list any defendants on the standard § 1983 form but includes the State of Iowa in his caption. *Id*. at 1. For relief, Martin seeks damages and states "I want to get my name cleared off the records. I want to see my daughter A.M. again." *Id*. at 7. As such, he challenges the events that led to his 2004 conviction in 07821 FECR 262642 in Scott County and provides a litany of documents related to that case, along with his associated applications for post-conviction relief, as supplements to his complaint.

Martin's state criminal conviction proceeded as follows:

> On December 1, 2003, Martin was charged with four counts of second-degree sexual abuse, in violation of Iowa Code section 709.3(2)(2003), which was later amended, adding one count of lascivious acts with a child in violation of [section] 709.8. In February 2004, Martin pled guilty to one count of second-degree sexual abuse and to lascivious acts, but was allowed to withdraw his guilty plea prior to sentencing. In June 2004, Martin again pleaded guilty to one count of second-degree sexual abuse and to lascivious acts, but subsequently asked to again withdraw his pleas. His request was denied and he was sentenced to a maximum indeterminate twenty-five year prison term for second-degree sexual abuse, and a five-year indeterminate prison term for lascivious acts with a child, the sentences to run concurrently.

7

*Martin v. State*, 886 N.W.2d 107 (Iowa Ct. App. 2016) (unpublished) (affirming the dismissal of his fourth application for post-conviction relief).

There are numerous issues with Martin's complaint. First, Martin's claim is barred by the two-year statute of limitations. Section 1983 claims are governed by the relevant state's personal injury statute of limitations. *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985). In Iowa, § 1983 actions are subject to a two-year statute-of-limitations. *See* Iowa Code § 614.1(2). Because Martin asserts that the events giving rise to his claim occurred in 2003, but he did not file this case until 2025, his claims are time-barred.[6]

In addition, Martin does not name a proper § 1983 defendant. Section 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. In *Will v. Michigan Dept. of State Police*, the Supreme Court ruled "that a State is not a person within the meaning of § 1983." 491 U.S. 58, 63 (1989). *See also Owens v. Scott Cnty. Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *and De La Garza v. Kandiyohi Cty. Jail,* 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they were not suable entities). The State of Iowa is an improper defendant, and Martin fails to name an individual defendant.

---

[6] Additionally, several defendants are either immune or improper Section 1983 defendants because they are not state actors. *E.g.*, *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judges enjoy absolute judicial immunity, which "is an immunity from suit, not just from ultimate assessment of damages."); *Howlett v. Rose*, 496 U.S. 356, 365 (1990) (explaining that section 1983 creates a remedy for constitutional violations committed by "persons acting under color of state law," and that a state and its agencies are not "persons"); *Roberts v. Black Hawk Co. District Court*, No. C23-2082-LTS-KEM, 2024 WL 3554874, at *3 (N.D. Iowa July 26, 2024) (holding that a suit against an Iowa District Court is not viable under Section 1983 because it is not a "person").

Moreover, to the extent plaintiff is seeking to have his conviction or sentence vacated, Martin's claims are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), which holds that a plaintiff cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." *Id.,* at 483. The Supreme Court held that a district court must dismiss a § 1983 claim if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the plaintiff proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*, at 487. Based on the nature of the relief Martin is requesting, his claims are *Heck* barred.

Finally, venue in this case appears to be proper in the Southern District. Even though plaintiff is currently confined to CCUSO, in Cherokee, Iowa, his claims are based on events that occurred in Scott County, Iowa, which is in the Southern District of Iowa. However, because it would be futile to transfer the case, I will dismiss the complaint as a matter of judicial economy because it is clearly time-barred and it clearly fails to state a cognizable claim.

### D. Remaining Motions

Martin's pro se motion (C25-4019-LTS, Doc. 8) for subpoenas and pro se motions (C25-4019-LTS, Docs. 14-19) for summary judgment are **denied** as moot.

### III. CONCLUSION

For the reasons set forth herein:

1. Case number C25-0056-LTS is **transferred** to the United States District Court for the Southern District of Iowa.

2. With regard to case number C25-4019-LTS:

9

a. Martin's motion (C25-4019-LTS, Doc. 1) to proceed in forma pauperis is **granted**.

b. The Clerk's office is directed to docket the complaint (C25-4019-LTS, Doc. 1-1) without the prepayment of fees;

c. After conducting an initial review, Martin's complaint (C25-4019-LTS, Doc. 1-1) is **dismissed** because it is time-barred and fails to state a claim upon which relief may be granted.

d. Martin's motion (C25-4019-LTS, Doc. 8) for subpoenas and motions (C25-4019-LTS, Docs. 14-19) for summary judgment are **denied** as moot.

**IT IS SO ORDERED** this 4th day of November, 2025.

_____
Leonard T. Strand
United States District Judge